**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**DAVID WADE,**

    **Petitioner,**                            **CASE NO. 2:09-cv-632**
                                        **JUDGE MARBLEY**
**v.**                                       **MAGISTRATE JUDGE E.A. PRESTON**
                                          **DEAVERS**

**MICHAEL SHEETS, Warden,**

    **Respondent.**

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, and the exhibits of the parties. For the reasons that follow, Respondent's motion for reconsideration of the Court's issuance of a stay, Doc. No. 17, is **DENIED AS MOOT**. Petitioner's renewed request for the appointment of counsel, Doc. No. 19, is **DENIED.** His unopposed request to amend or clarify his habeas corpus petition, Doc. No. 19, is **GRANTED**. Respondent is **DIRECTED** to provide supplemental briefing indicating the status of petitioner's re-trial within ten (10) days of the date of this Order.

As to petitioner's request for the appointment of counsel to assist him in these proceedings:

> It is well established that a habeas corpus proceeding is civil in nature, and the Sixth Amendment right to counsel afforded for criminal proceedings does not apply. *Evitts v. Lucey*, 469 U.S. 387 (1985); *Barker v. Ohio*, 330 F.2d 594 (6th Cir.1964). The

> decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. 18 U.S.C. § 3006A(g); *Mira v. Marshall*, 806 F.2d 636 (6th Cir.1986). Appointment of counsel in a habeas proceeding has been found to be mandatory only if the district court determines that an evidentiary hearing is required. Rule 8(c), Rules Governing § 2254 Cases. Where no evidentiary hearing is necessary, as in the instant case, the district court will often consider (1) the legal complexity of the case, (2) factual complexity of the case, and (3) petitioner's ability to investigate and present his claims, along with any other relevant factors. *Hoggard v. Purkett,* 29 F.3d 469 (8th Cir.1994).

*Gammalo v. Eberlin*, No. 1:05CV617, 2006 WL 1805898 (N.D. Ohio June 29, 2006).

This Court is not persuaded that the interests of justice and due process require the appointment of counsel. At this time, it does not appear that an evidentiary hearing will be required to resolve petitioner's claims. Additionally, it appears from the record that petitioner has effectively argued his position and resolution of his claims will not be unduly complex so as to necessitate the appointment of counsel.

Further, this Court issued a stay only until January 31, 2010, or until the conclusion of petitioner's state trial, "whichever occurs first." See *Order,* November 17, 2009, Doc. No. 24. Therefore, respondent's motion for reconsideration of the Court's issuance of a stay, Doc. No. 17, is **DENIED AS MOOT**. Petitioner's renewed request for the appointment of counsel, Doc. No. 19, is **DENIED.** His unopposed request to amend or clarify his habeas corpus petition, Doc. No. 19, is **GRANTED**.

Respondent is **DIRECTED** to provide supplemental briefing indicating the status of petitioner's re-trial within ten (10) days of the date of this Order.

**IT IS SO ORDERED.**


    **April 28, 2010**                                                  */s/ Elizabeth A. Preston Deavers*
                                                                           **ELIZABETH PRESTON DEAVERS**
                                                                           **United States Magistrate Judge**