**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DAVID WADE,**

      **Petitioner,**

      **v.**

**MICHAEL SHEETS, WARDEN,**

      **Respondent.**

**CASE NO. 2:09-CV-632
JUDGE ALGENON L. MARBLEY
MAGISTRATE JUDGE ELIZABETH P. DEAVERS**

## OPINION AND ORDER

On March 14, 2012, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, Petitioner's objections (Doc. 54) are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of claim one as procedurally defaulted. He contends that he preserved this claim by raising it on cross appeal to the Ohio Supreme Court, *see Exhibit 12 to Return of Writ*, and because the state appellate court initially dismissed the claim on the merits.

Petitioner asserts in claims one and two that collateral estoppel and the Double Jeopardy Clause barred admission of evidence, at his second trial, of his use of a firearm without issuance of a limiting instruction because he had been acquitted of use of a firearm in his first trial. The state appellate court initially reversed all of Petitioner's convictions on this basis, but thereafter granted the State's motion for reconsideration, reversing only Petitioner's convictions on rape and aggravated burglary, and reviewing the remainder of his convictions for plain error only. *See State*

*v. Wade*, No. 06-AP-644, 2008 1723671, at *1-3 (Ohio App. 10th Dist. April 15, 2008).  Petitioner complains that he raises an independent argument in habeas corpus claim one that does not involve issuance of a limiting instruction and, referring to the first decision of the state court of appeals, contends that the state appellate court reviewed this claim on the merits.  The state appellate court, however, necessarily considered habeas corpus claims one and two together, concluding while admission of evidence regarding Petitioner's use of a gun was not constitutionally prohibited, the doctrine of collateral estoppel required a limiting instruction for admission of such evidence on the rape and aggravated burglary charges.  On the remainder of the charges against Petitioner, the appellate court concluded that evidence regarding Petitioner's use of a firearm was constitutionally admissible even without a limiting instruction on the use of such evidence.

Assuming *arguendo*, that Petitioner properly preserved his claim that collateral estoppel barred admission of evidence regarding his use of a firearm as a separate claim, that claim, in any event, fails to warrant federal habeas corpus relief.  The state appellate court rejected this claim in relevant part as follows:

> [A]ppellant contends that the trial court erred by admitting testimony indicating that he used a gun during the commission of the rape when the jury in his first trial necessarily found that he did not possess a gun. Appellant also contends that the trial court erred by not giving a limiting instruction to the jury after the trial court admitted testimony that appellant raped C.B. at gunpoint.
>
> The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution incorporates the doctrine of collateral estoppel. *Ashe v. Swenson* (1970), 397 U.S. 436, 445-446, 90 S.Ct. 1189.[FN2] Simply put, collateral estoppel means that when an issue of ultimate fact has been determined by a valid and final judgment, that issue cannot be litigated again between the same parties in any future lawsuit. *Id.* at 443; *State v. Lovejoy* (1997), 79 Ohio St.3d 440, 442.
>
> FN2. The Fifth Amendment's Double Jeopardy protections are

2

enforceable against the States through the Fourteenth Amendment. *Ashe,* at 437.

Collateral estoppel may affect successive prosecutions in one of two ways. *United States v. Brackett* (C.A .5, 1997), 113 F.3d 1396, 1398. First, it will completely bar a subsequent prosecution if one of the facts necessarily determined in the former trial is an essential element of the subsequent prosecution. For example, in *Ashe,* a defendant charged with the robbery of six people at a poker party was found not guilty of one of the robberies. The only contested issue at trial was whether Ashe was one of the robbers. The jury concluded that he was not. The state subsequently tried Ashe for the robbery of another person at the poker party. The United States Supreme Court held that because the jury in the first trial necessarily found that Ashe was not one of the robbers, the state could not prosecute him again, because a second prosecution would require the relitigation of that issue. *Id.* at 446; see, also, *Columbus v. Rodriquez* (Nov. 7, 1996), Franklin App. No. 96APC05-601 (noting that collateral estoppel may bar second prosecution).

Secondly, collateral estoppel can also bar certain evidence in a subsequent trial. The doctrine prohibits the government from relitigating an issue of ultimate fact that was determined by a valid and final judgment. *Dowling v. United States* (1990), 493 U.S. 342, 347, 110 S.Ct. 668. This prohibition, however, does not exclude, in all circumstances, relevant and probative evidence otherwise admissible simply because it relates to alleged criminal conduct for which a defendant has been acquitted. *Id.* at 348.

Evidence of alleged criminal conduct for which a defendant has been acquitted may be admitted in a second trial where the ultimate issue of fact decided in defendant's favor in the first trial is not an ultimate issue of fact in the second trial. *Wright v. Whitley* (C.A.5, 1994), 11 F.3d 542, 546; *Brackett,* supra; *United States v. Bailin* (C.A.7, 1992), 977 F.2d 270, 280 (preclusion applied only where issue is ultimate issue in subsequent prosecution); *State v. Cotton* (La.2001), 778 So.2d 569, 576 (no preclusion where prior acquitted conduct not ultimate issue in second trial); *Eatherton v. State* (Wyo.1991), 810 P.2d 93, 100 (evidence of theft charge for which defendant was acquitted properly admitted in subsequent burglary trial where previous acquittal did not determine ultimate issue in burglary trial).

For example, in *Santamaria v. Horsley* (C.A.9, 1998), 133 F.3d 1242, the defendant was charged with murder and robbery as well as a

3

weapon enhancement which alleged that he used a knife in the commission of a felony. He was found guilty of murder and robbery but acquitted of the weapon enhancement. After an appeals court reversed those convictions, on remand the defendant sought to prohibit the prosecution from retrying him on the theory that he used a knife during the murder. The trial court agreed and prohibited the state from proceeding on that theory. After the California Supreme Court reversed, the United States Ninth District Court of Appeals, on a petition for a writ of habeas corpus, held in part that because the State was not required to prove beyond a reasonable doubt that the defendant used a knife in order to convict the defendant of murder in the second trial, the use of a knife was not an ultimate fact in the second trial. Thus, the state could present evidence that the defendant stabbed the victim. *Id.* at 1247.

Similarly, an issue may be relitigated in a second trial where the later action is governed by a lesser standard of proof. *Dowling.* For example, evidence of a prior bad act for which a defendant was acquitted may be introduced at a second trial under Evid.R. 404(B) to prove, among other things, identity. Such evidence is admissible because the State is not trying the defendant for the bad act in the second trial. *Id.* (evidence that defendant later committed home invasion, even though he was acquitted of the robbery, could be introduced at a later trial for earlier bank robbery to prove identity); *Charles v. Hickman* (C.A .9, 2000), 228 F.3d 981, 986 (testimony regarding previously acquitted charge of murder properly admitted to prove motive in subsequent trial); *In re Burton,* 160 Ohio App.3d 750, 2005-Ohio-2210, at ¶ 14.

The case at bar does not involve the successive prosecution theory of collateral estoppel. At his second trial, appellant was not tried for aggravated robbery or any gun specifications. Here, the issue is whether or not collateral estoppel prohibited the admission of testimony in his second trial that appellant possessed a gun. We review the trial court's application of collateral estoppel *de novo. Charles,* at 985; *Bailin,* at 281 (de novo review of collateral estoppel decision) cf. *United States v. Dakota* (C.A.6, 2000), 197 F.3d 821, 826 (claims of double jeopardy reviewed *de novo).*

To determine whether collateral estoppel bars the admission of evidence that appellant used a gun during the commission of these offenses, we must first determine whether the jury in the first trial necessarily found that appellant did not possess a gun. Thus, we must examine the record of the prior proceeding, taking into account the

4

pleadings, evidence, charge, and other relevant matters, and decide whether the jury could have reached its verdict without finding that appellant did not possess a gun. *Id.; Bailin,* at 280 (court must decide whether a rational jury could have grounded its verdict on an issue other than that which the defendant seeks to foreclose from consideration). The defendant bears the burden to prove that the issue was necessarily resolved by the prior jury. *Dowling,* at 350.

The State contends that the not guilty verdict in the first trial for the aggravated robbery count as well as the firearm specifications did not actually determine that appellant did not use a gun, because the jury could have acquitted appellant for other reasons. We disagree. The elements of aggravated robbery require that appellant attempt or commit a theft offense while possessing a deadly weapon. R.C. 2911.01. Appellant admitted to stealing C.B.'s car, computer, purse, and phone. Thus, the only conceivable reason for the jury's acquittal on this count was a finding that appellant did not possess a gun during the theft. Additionally, the jury asked during its deliberations whether appellant must have had a deadly weapon to find him guilty of aggravated robbery. The trial court replied in the affirmative. The jury then acquitted appellant of aggravated robbery and all of the firearm specifications. It is clear that the first jury actually decided that appellant did not possess a gun during the offenses and it is not conceivable that a rational jury could have grounded its verdict on any other issue.[FN3] *Ashe,* at 444.

FN3. The State argues that the first jury may have acquitted appellant because the gun was not operable. We reject that claim based on the jury's own question as well as the fact that no evidence or argument was presented in the first trial on this issue. In order to determine what issue was actually litigated in the first trial, we do not apply the rule of collateral estoppel with a "hypertechnical and archaic approach" but with "realism and rationality." *Ashe,* at 444.

Next, we must determine whether the issue necessarily decided in the first trial (that appellant did not have a gun) is an ultimate issue in the subsequent trial. To find appellant guilty of rape or kidnapping, the State had to prove beyond a reasonable doubt that appellant forcibly engaged in sexual conduct with C.B. and restrained her liberty using force. *See* R.C. 2907.02 and 2905.01. Force is defined as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." R.C. 2901.01(A)(1). The definition of force does not require the use of a weapon. Therefore, the State could prove these offenses without proving that appellant

5

used a gun.

Admittedly, testimony indicating appellant had a gun could be used to prove the force element of both rape and kidnapping. However, the jury's general verdict of guilty does not provide insight as to what facts the jury believed in this trial to find appellant guilty of rape and kidnapping. There are other ways to establish the element of force for these offenses. Here, there was evidence that C.B. was less than five feet tall and that appellant was six feet tall, weighed 170 pounds and that he forced his way into her apartment. We also note that although the first jury determined that appellant did not have a gun, it nevertheless found appellant guilty of rape and kidnapping, thereby finding the element of force beyond a reasonable doubt even without a gun. Thus, the State was not precluded from admitting evidence that appellant possessed a gun during the offenses, provided that the testimony was otherwise admissible. *Dowling,* at 348.[FN4]

FN4. Appellant's reliance on *Rice v. Marshall* (C.A.6, 1987), 816 F.2d 1126 is misplaced. First, we note that the case dealt with an ineffective assistance of counsel claim. Secondly, although the court did note, relying on *Ashe,* supra, that a previous acquittal of a weapon charge constituted a finding that he did not have a gun and precluded the introduction of contrary evidence at a subsequent trial, that case was decided before *Dowling* clarified the scope of the *Ashe* holding.

We further find that the testimony that appellant possessed a gun during these offenses was admissible. Evidence of appellant's actions during the offenses is admissible if the evidence is "inextricably related" to the crime charged and plays a role in explaining the sequence of events and gives a complete picture of the alleged crime. *State v. Thompson* (1981), 66 Ohio St.2d 496, 498; *State v. Henry,* Franklin App. No. 05AP-1075, 2006-Ohio-4783, at ¶ 27. Testimony that appellant possessed a gun during the offenses is inextricably related to the charges and provides a complete picture of the sequence of events. See *State v. Jackson,* Franklin App. No. 02AP-867, 2003-Ohio-6183, at ¶ 31. The jury was entitled to a complete picture of the alleged crimes. The trial court did not err by admitting testimony indicating that appellant possessed a gun during these offenses.[FN5]

FN5. We do not agree with the trial court that evidence that appellant used a gun during these offenses was properly admitted as "other acts" evidence under Evid.R. 404(B) because the evidence was not admitted to prove any of the permissible purposes under that rule.

6

> Nevertheless, for the reasons discussed, the evidence was admissible on other grounds.

*State v. Wade*, No. 06AP-644, 2008 WL 366143, at *3-6 (Ohio App. 10th Dist. Feb. 12, 2008).

In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct. The applicant bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C.§ 2254(e)(1). Further, a federal habeas court may not grant relief unless the state court's decision was contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts in light of the evidence that was presented. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as " 'fairminded jurists could disagree' on the correctness of the state court's decision. *Harrington v. Richter,* —U.S. —, —, 131 S.Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado,* 541 U.S. 652, 664 (2004)). Petitioner has failed to meet this standard here.

In claim one, Petitioner also asserted that his attorney's failure to object to the gun evidence deprived him of effective assistance of counsel. In *Strickland v. Washington*, the Supreme Court reiterated that the right to counsel guaranteed by the Sixth Amendment is the "right to effective assistance of counsel." 466 U.S. 668, 686 (1984.) To prevail on a complaint of ineffective assistance of counsel, a petitioner must demonstrate the following:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

7

*Id.* at 687.

Surmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky,* 130 S.Ct. 1473, 1485 (2010). "Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. Both standards created by *Strickland* and § 2254(d) are "highly deferential." *Strickland*, 466 U.S. at 689. When *Strickland* and § 2254(d) "apply in tandem," review is "doubly" deferential. *Knowles v. Mirzayance*, 556 U.S. 111, 124 (2009).

Given the difficulties "inherent" the analysis of whether an attorney's performance was constitutionally deficient,"a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . ." *Strickland,* 466 U.S. at 687. Nevertheless, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 692. A petitioner, therefore, must show prejudice in order to prevail on a claim of ineffective assistance of counsel. *Id.* at 693.

To do so, a petitioner must demonstrate that a reasonable probability exists that, but for counsel's errors, the result of the proceedings would have been different. *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Because Petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance of counsel, should the court determine that Petitioner has failed to satisfy one prong, it need not consider the other. *Id*. at 697.

Collateral estoppel or issue preclusion prevents an ultimate issue of fact that has already been determined by a valid and final judgment from being re-litigated between the same parties in any

8

future lawsuit. *Ashe v. Swenson*, 397 U.S. 436, 443 (1970). The doctrine of collateral estoppel is included within the constitutional prohibition against double jeopardy. *See Lucas v. Hamilton County Mun. Court*, No. 1:12-CV-138, 2012 WL 1986680, at *8 (S.D. Ohio June 4, 2012)(citing *Ashe v. Swenson*, 436 U.S. at 442-46; *Dowling v. United States*, 493 U.S. 342, 347-48 (1990); *Harris v. Washington*, 404 U.S. 55, 56 (1971) (*per curiam*)).

As explained by the Supreme Court, "where a previous judgment of acquittal was based upon a general verdict," a reviewing court must examine the record of the prior proceeding to determine whether a "rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration" in the proceeding at issue. *Ashe v. Swenson*, 397 U.S. at 444 (internal citation and quotation omitted). An acquittal in a criminal case, however, "does not preclude the Government from relitigating an issue when it is presented in a subsequent action governed by a lower standard of proof." *Dowling* at 348 (citations omitted). Similarly, the doctrine of collateral estoppel does not prohibit all relevant and probative evidence otherwise admissible simply because it relates to criminal conduct for which a defendant has previously been acquitted. *Id*.

Here, the state appellate court properly determined that the jury in Petitioner's first trial decided he did not possess a gun during the offenses charged. This factual finding is presumed to be correct, and for the reasons addressed by the state appellate court, this Court has no reason to disturb that finding here. As discussed by the state appellate court, however, evidence regarding Petitioner's use of a firearm nonetheless was constitutionally admissible (with the appropriate limiting instruction as to the charges of rape and aggravated burglary) to establish Petitioner's use of force, which did not necessarily require the jury to conclude that Petitioner had a gun. Thus,

Petitioner has failed to establish either that his convictions on theft, receiving stolen property, failure to comply, kidnapping, and possession of cocaine were constitutionally prohibited, or that he was denied effective assistance of counsel based on his attorney's failure to object to evidence regarding his use of a firearm on this basis. Petitioner's objection to dismissal of claim one is **OVERRULED.**

Petitioner objects to the Magistrate Judge's recommendation of dismissal of claim two as procedurally defaulted. He argues that, in addition to his claim regarding the trial court's failure to issue a limiting instruction on his use of a firearm, he raised an independent claim that he was denied a fair trial due to admission of his use of a firearm as other acts evidence. Petitioner complains that the state appellate court failed to address this claim. Additionally, as cause for his procedural default of claim two, Petitioner asserts that his attorney failed to object to the trial court's refusal to issue a limiting instruction on his use of a firearm on the charges other than rape, based on the "novelty" of the issue. Alternatively, as cause for his procedural default, Petitioner asserts he was denied effective assistance of trial counsel because his attorney failed to request a limiting instruction on the kidnapping charge.

This Court is not persuaded by these arguments. The record fails to support Petitioner's contention that he raised a separate claim regarding other acts evidence before the state appellate court. *See Exhibit 5 to Return of Writ*. Moreover, alleged errors in state evidentiary rules generally fail to provide a basis for federal habeas corpus relief so long as the evidence was rationally connected to the crime charged. *Carter v. Jago*, 637 F.2d 449, 457 (6th Cir. 1990); *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988). Such were the circumstances here. The doctrines of collateral estoppel and law regarding issuance of jury instructions are not so novel or new as to excuse defense counsel's failure to object. Finally, for the reasons addressed by the state appellate

10

court, Petitioner cannot establish any prejudice from his attorney's failure to request a limiting instruction on the charge of kidnapping, in view of other evidence reflecting Petitioner's use of force.      Petitioner objects to the Magistrate Judge's determination that the factual findings of the state appellate court must be presumed correct. He complains that the Court failed to scrutinize the record and argues the state appellate court incorrectly concluded he failed to establish prejudice from admission of evidence regarding his use of a firearm. Petitioner's position, however, is without merit, insofar as the habeas statute itself under which he presents his claims compels the Court to presume as correct all factual issues made by the state court. 28 U.S.C. § 2254(e)(1)("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct . . . .").

Petitioner also objects to the Magistrate Judge's recommendation of dismissal of claim nine as procedurally defaulted. Petitioner contends he properly preserved this claim for federal habeas corpus review by filing a *pro se* motion in the state appellate court requesting to reserve the right to raise this claim, should the appellate court grant his request for reopening of the appeal. *See Exhibit 1 to Traverse*.

Again, this Court is not persuaded by Petitioner's argument. Petitioner was represented by counsel in Rule 26(B) proceedings and the state appellate court denied his application to reopen the appeal without addressing this claim. *See Exhibit 15 to Return of Writ*.

Finally, Petitioner objects to the Magistrate Judge's recommendation of dismissal of claim six on the merits. Petitioner again argues that his convictions on rape and kidnapping violate the

Double Jeopardy Clause.  For the reasons addressed in the Magistrate Judge's Report and Recommendation, this objection likewise is not well-taken.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review.  For the foregoing reasons and for the reasons detailed in the Magistrate Judge's *Report and Recommendation,* Petitioner's objections are **OVERRULED.**  The *Report and Recommendation* is ADOPTED and **AFFIRMED.**  This action is hereby **DISMISSED.**

**IT IS SO ORDERED.**

       s/Algenon L. Marbley
ALGENON L. MARBLEY
United States District Judge

DATED:  September 17, 2012